IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>          Plaintiff,<br><br>     v.<br><br>E. JOHNSON, et al.,<br><br>          Defendants. | No.  2:20-CV-0095-DMC-P<br><br><br>ORDER |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is plaintiff's complaint (ECF No. 1).

   The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names six defendants employed at California State Prison, Sacramento in the complaint: (1) E. Johnson, Staff Psychologist; (2) J. Johnson, Correctional Sergeant; (3) S. Williamson, Correctional Lieutenant; (4) J. Lynch, Warden; (5) Parham, Correctional Sergeant; and (6) T. Nyuien, Correctional Officer.

In March 2019, plaintiff took legal action and filed a staff complaint against defendant J. Johnson apparently alleging defendant J. Johnson assaulted plaintiff.  See ECF No. 1 at 6.  On December 19, 2019, plaintiff filed another staff complaint against defendant J. Johnson that appears to be related to the assault allegation, but plaintiff is not explicit.  See id.  On January 1, 2020, defendant Williamson threatened to create problems for plaintiff unless plaintiff dropped the December 19 complaint against defendant J. Johnson, violating plaintiff's First Amendment rights.  See id. at 7-8.  On January 2, 2020, defendant E. Johnson, plaintiff's primary psychologist and wife to defendant J. Johnson, also asked defendant to drop the December 19 complaint against defendant J. Johnson.  See id.  Plaintiff alleges upon refusing to drop his complaint, defendant E. Johnson falsely accused plaintiff of exposing his genitalia to defendant E. Johnson, violating plaintiff's First Amendment rights.  See id. at 11.

Before plaintiff learned of the allegations against him, two correctional officers, including defendant Nyuien, began taping plaintiff's cell windows with yellow paper allegedly used to identify sex-offender prisoners.  See id. at 9-10.  Plaintiff alleges defendant Parham ordered defendant Nyuien and the other unidentified officer to tape the yellow paper.  See id. at 10.  Plaintiff requested a formal complaint form from defendant Nyuien who responded by saying defendant Parham told him to tell plaintiff that there are no more complaint forms, violating his

2

First Amendment rights. See id.  Plaintiff alleges other prisoners began to threaten him upon defendant Nyuien putting the yellow tape on his windows, violating his Eighth Amendment rights.  See id.  Moreover, plaintiff was never made aware of the allegations made against him by defendant E. Johnson before having yellow paper on his cell windows, violating his Fourteenth Amendment rights.

Plaintiff never mentions defendant Lynch in the complaint and does not make any reference to his involvement in the alleged violations.

## II.  DISCUSSION

Plaintiff alleges sufficient facts to state cognizable claims against defendants E. Johnson, Williamson, Parham, and Nyuien for retaliation, violating plaintiff's First Amendment rights.  Plaintiff states another cognizable First Amendment claim against defendants Parham and Nyuien for preventing him from filing a grievance upon request.  Plaintiff also states cognizable claims against defendants E. Johnson, Parham, and Nyuien for labeling plaintiff as a sex offender, violating his Eighth Amendment and Fourteenth Amendment rights.  Plaintiff, however, fails to allege sufficient facts to support state cognizable claims against defendants J. Johnson and Lynch.

### A.  Causal Link

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff never states a causal connection between any constitutional violations and the conduct of defendants J. Johnson and Lynch.  Plaintiff's previous complaints against J. Johnson only serve as the inciting incident for the other defendants to commit the alleged unconstitutional acts.  However, defendants E. Johnson, Parham, Williamson, and Nyuien appear to be acting on their own accord, as plaintiff never alleges J. Johnson directed them or had any involvement in their actions.  Similarly, plaintiff fails to allege a cognizable claim against defendant Lynch in his capacity as warden, because plaintiff never states a fact to suggest defendant Lynch sanctioned any unconstitutional behavior.

### B.    Supervisor Liability

Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act.  See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

Plaintiff fails to allege a cognizable claim against defendant Lynch because there are no facts in the complaint to suggest defendant Lynch directed, condoned, or implemented a policy condoning the violation of plaintiff's constitutional rights.  Plaintiff never even mentions defendant Lynch's name or any institutional policy among the factual allegations.  Plaintiff cannot state a cognizable claim against defendant Lynch based on his supervising capacity as warden and the actions of his subordinates alone.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated:  August 10, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE